Dear Judge Carter:
You requested an Attorney General's opinion regarding the payment of legal fees from the Fourteenth Judicial District Court Judicial Expense Fund. You indicated that the attorney's fees were incurred as the result of your being subpoenaed by the District Attorney's office to testify in a criminal matter captioned State of Louisiana v. Christopher Balka, No. 8009-04. You were subpoenaed in your personal capacity, but objected to the subpoena because you had no material information regarding that criminal prosecution. As a result of your opposition to the subpoena, you hired an attorney to file a motion to quash the subpoena, as complying with the subpoena would have interfered with your duties as a judge of the Fourteenth Judicial District.
You further advise that your attorney filed a Motion for Sanctions against the District Attorney's office for improperly issuing the subpoena, to which the court granted an exception of no cause of action in favor of the District Attorney's office. You subsequently filed a contempt proceeding against the lawyers in connection with the issuance of the subpoena, for filing a motion to recuse after you had recused yourself, and for filing documents containing language insulting to the court. A Rule was issued to show cause why the lawyers should not be held in direct contempt. The District Attorney's office took writs to the Third Circuit on your contempt rule. The Third Circuit vacated the Rule hearing and your attorney took a writ to the Supreme Court, who reversed the Third Circuit and ordered a contempt hearing be reset for another division of the court. You question whether the Fourteenth Judicial District Court may reimburse you for your attorney's fees.
The indemnification of officers and employees of the state is governed by La. R.S. 13:5108.1, which provides in pertinent part:
 A. Indemnification.
 (1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any *Page 2 
demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state.
The statute provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where "the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state".
With regard to the attorney's fees for fighting the subpoena, you were subpoenaed in your individual capacity, and the subpoena did not relate to any actions performed in your capacity as a judge. Therefore, you are not entitled to reimbursement of any attorney's fees arising from your attempt to quash the subpoena.
As for the attorney's fees related to the writ to the Supreme Court, those fees also arose out of the issuance of the subpoena to you in your individual capacity. Moreover, in order for an individual to be entitled to indemnification, there must be a "claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual". The statute contemplates that there be some type of proceeding brought against the individual seeking indemnification. The attorney's fees in question relate to a proceeding brought by you, not a proceeding brought against or directed at you. Further, the proceeding was not brought over acts of negligence or any other act committed by you, which is also required by the statute. As such, you are not entitled to reimbursement of any attorney's fees arising from the contempt proceeding you initiated.
It is the opinion of our office that, because you are not entitled to reimbursement of your attorney's fees under La. R.S.13:5108.1, the payment of such fees by the Fourteenth Judicial District Court would be improper.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv